**FILED**

DEC 1 7 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DON E. JONES,                              )
                                     )
           Plaintiff,                    )
                                     )
     v.                                      )    Civil Action No. **12 2010**
                                     )
CENTRAL INTELLIGENCE AGENCY,  )
                                     )
          Defendant.                  )

**MEMORANDUM OPINION**

This matter comes before the Court on review of the plaintiff's application to proceed *in forma pauperis* and *pro se* civil complaint. The Court will grant the application, and dismiss the complaint.

Plaintiff alleges that he is "connected to a recruiting satellite radio signal" which is used by a federal government agency to "control human beings and animals with the technology of projecting microwave radio signals . . . from international space stations." Compl. at 1 (page numbers designated by the court). This "satellite mind control" has caused "chaos" in plaintiff's life. *Id.* at 2. For example, his family has stolen his property and his mother has filed a restraining order against him. *Id.* "Controlled by intelligence," plaintiff has "traveled to London, England and traded meth ampetamine [sic] for extacy [sic] pills," *id.*, and "mind control may have caused" plaintiff and his ex-wife "to fight." *Id.* at 3. "[I]ntelligence" also has taken plaintiff "through a psychiatric ward twice to show [him] corruption in mental health, as doctors give people prescription pills and diagnosis's [sic] of psychosis, schitzophrenia [sic], etc. to

1

discredit people [sic] integerety [sic] and make money for doctors, pharmicutical [sic] companies, etc." *id.* at 3-4. For these and other alleged harms, plaintiff demands damages of $25 billion. *Id.* at 5.

The Court must dismiss a complaint if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(1)(B), 1915A(b)(1). In *Neitzke v. Williams*, 490 U.S. 319 (1989), the Supreme Court states that the trial court has the authority to dismiss not only claims based on an indisputably meritless legal theory, but also claims whose factual contentions are clearly baseless. Claims describing fantastic or delusional scenarios fall into the category of cases whose factual contentions are clearly baseless. *Id.* at 328. The trial court has the discretion to decide whether a complaint is frivolous, and such finding is appropriate when the facts alleged are irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The Court is mindful that complaints filed by *pro se* litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Having reviewed plaintiff's complaint, the Court concludes that what factual contentions are identifiable are baseless and wholly incredible. For this reason, the complaint is frivolous and must be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

An Order is issued separately.

_____
United States District Judge

DATE: 12/12/12

2